# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>    *Plaintiff-Appellee,*

v.

MICHAEL SHANNON MOORE,
>    *Defendant-Appellant.*

No. 00-4538

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-99-58)

Submitted: December 21, 2000

Decided: January 11, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Michael A. Bragg, Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Andrew Russell, Third-Year Law Student, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Shannon Moore appeals his seventy-eight-month sentence imposed after he pled guilty to five counts of mailing threatening communications, in violation of 18 U.S.C.A. § 876 (West 2000). He contends that the district court should have grouped the offenses under *U.S. Sentencing Guidelines Manual* § 3D1.2(c) (1998). Finding no reversible error, we affirm.

When considering the district court's application of the guidelines, we review factual findings for clear error and legal interpretations de novo. *United States v. Colton*, 231 F.3d 890, 911 (4th Cir. 2000); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989) (noting that application of grouping principles in USSG § 3D1.2 moves closer to de novo review). The plain language of the commentary to USSG § 2A6.1 provides that "multiple counts involving making a threatening . . . communication to the same victim are grouped together under § 3D1.2[,] . . . [but] [m]ultiple counts involving different victims are not to be grouped under § 3D1.2." USSG § 2A6.1, comment. (n.2). Because we "accept the Application Notes as authoritative unless they are inconsistent with the Constitution, a federal statute, or a plain reading of the Guidelines," *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)), and because each of the counts to which Moore pled guilty involved a separate victim, we find that the district court properly declined to group the offenses. *See United States v. Achiekwelu*, 112 F.3d 747, 755 (4th Cir. 1997) ("We must follow the clear, unambiguous language of a particular guideline unless there is a manifestation of contrary intent.").

Accordingly, we affirm Moore's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*